ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Aug-11  09:05:15
60CV-22-5340
C06D16 : 8 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

RICHARD SCOTT PACE, for Himself
and All Others Similarly Situated,

      Plaintiffs,

v.                                                                    Case No. _____

ROUNDPOINT MORTGAGE SERVICES
CORPORATION, and FIFTH THIRD BANK,

      Defendants.

---

### FIRST AMENDED CLASS ACTION COMPLAINT

---

COMES NOW the Plaintiff Richard Scott Pace, for himself and for all others similarly situated (collectively, "Plaintiffs"), and for their First Amended Class Action Complaint against Defendant RoundPoint Mortgage Services Corporation ("RoundPoint") and Defendant Fifth Third Bank ("Fifth"), allege as follows:

#### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this civil state law claim.

2.  Defendants operate within this County and committed the wrongdoing alleged herein within this County, and further, derive substantial revenue within this County and the State of Arkansas.

3.  Venue is proper in this County in that the conduct complained of occurred in Pulaski County, and Plaintiff resides in Pulaski County, Arkansas

**PARTIES**

4.      Plaintiff Richard Scott Pace ("Plaintiff") is a citizen of Arkansas and a resident of Pulaski County.

5.      Defendant RoundPoint Mortgage Services Corporation ("RoundPoint") appears to be a foreign for profit corporation with its principal place of business in Fort Mill, South Carolina.  Its registered agent for service of process is the Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, AR 72201.  The allegations made against RoundPoint occurred within Pulaski County, and moreover, RoundPoint derives substantial income from within this County and the State of Arkansas.

6.      Defendant Fifth Third Bank ("Fifth") appears to be a foreign for profit corporation with its principal place of business in Cincinnati, Ohio.  Its registered agent for service of process is the Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, AR 72201.  The allegations made against Fifth occurred within Pulaski County, and moreover, Fifth derives substantial income from within this County and the State of Arkansas.

**FACTUAL ALLEGATIONS**

7.      Plaintiff is an owner of a real estate property on Stonewall Road in Pulaski County, Little Rock, Arkansas (hereafter the "Property").

8.      The Property is secured by a mortgage.

9.      The mortgage loan has been serviced by RoundPoint.

10.     Earlier this year, RoundPoint transferred the servicing of many of its mortgages, including the Plaintiff's mortgage loan, to Fifth.

11.    With this intended transfer, RoundPoint notified its customers in writing that the servicing of their mortgages was being transferred to Fifth and they would need to make all upcoming payments to Fifth instead of RoundPoint.

12.    Plaintiff received such a notification from RoundPoint in about June of 2022, which told him his mortgage payments effective July 1, 2022, and thereafter, had to be made to Fifth.

13.    As instructed, Plaintiff made his July 2022 mortgage payment to Fifth.

14.    Sometime in June of 2022, RoundPoint and/or Fifth cancelled the transfer of the serving of these to be mortgage loans, including Plaintiff's.

15.    By letter dated June 23, 2022, RoundPoint advised Plaintiff the servicing of his mortgage would continue with RoundPoint and the planned mortgage servicing transfer to Fifth had been cancelled.  Further, and more importantly, RoundPoint told its customers, including Plaintiff, to make their future loan payments to RoundPoint but if they had already made their July payment to Fifth, not to worry.  Instead, those customers were advised that Fifth would automatically transfer their previously made loan payments back to RoundPoint within the next 60 days.

16.    Because Plaintiff had already made his July mortgage loan payment to Fifth then, he relied on RoundPoint's promise that his payment would be automatically be sent back to RoundPoint by Fifth within 60 days.

17.    Since its June 23, 2022, letter, RoundPoint has been wrongfully dunning Plaintiff for his July 2022 loan payment and totally disregarding its own promise that the payment would be automatically sent back to RoundPoint within 60 days.

18.     Based upon information and belief, RoundPoint is wrongfully treating its other customers that also made their loan payments to Fifth as instructed by RoundPoint and even though RoundPoint promised them their payments would be automatically sent back to RoundPoint by Fifth within 60 days.

19.     To date, Fifth has not returned either Plaintiff's or the Class members' payments to RoundPoint, and moreover, RoundPoint continues to wrongfully harass and dun Plaintiff and the members of the Class for the same payments previously made as instructed by RoundPoint.

20.     Plaintiff and the Class are without knowledge to know whether the intended loan transfers was effective or not, and whether their future loan payments should be made to RoundPoint or to Fifth going forward.

## CLASS ALLEGATIONS

16.     This case is brought as a class action pursuant to Arkansas Rule of Civil Procedure ("ARCP") 23.

17.     Plaintiff brings this action on his own behalf and on behalf of the following "Class:"

> All persons or entities having a mortgage loan serviced by RoundPoint and being instructed to make their loan payments effective July 1, 2022, and thereafter, to Fifth, where the person or entity made at least one such loan payment to Fifth after July 1, 2022, as advised by RoundPoint. Excluded from the Class shall be judge presiding over this action and his or her immediate family members.

18.     Although the precise number of members of the Class is presently unknown, such information would be within the records of RoundPoint and Fifth.  Upon

information and belief, at least 70 persons or entities are within the definition of the Class. Rule 23 numerosity is satisfied.

19.     Plaintiff is a member of the Class.

20.     Plaintiff's claims are typical of the claims of all Class members.

21.     No antagonism exists between the interests of the representative Plaintiff and the interests of other Class members, and Plaintiff is fully prepared to diligently pursue this case on behalf of all Class members.

22.     Plaintiff's counsel is experienced in class action litigation and well-qualified to conduct this litigation.

23.     There exist numerous common questions of law or fact in this action within the meaning of ARCP 23 and these common questions predominate over any questions affecting only individual class members within the meaning of the Rule.

24.     Common questions of law or fact here include, without limitation:

a.     Whether Plaintiff and the Class members have been wrongfully harassed and dunned by RoundPoint for loan payments made by them at RoundPoint's instruction to Fifth.

b.     Whether Fifth has in its possession, custody or control funds paid to it by Plaintiff and the Class, and if so whether such funds should be paid back to RoundPoint.

25.     Pursuant to ARCP 23, the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class members. Further, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable

5

to concentrate the litigation of the Class members' claims to one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications..

## COUNT I

### DECLARATORY AND INJUNCTIVE RELIEF

26.    Plaintiff and the Class re-allege and incorporate the paragraphs above.

27.    Plaintiff and the Class are entitled to a declaration that mortgage loan payments made by them to Fifth effective July 1, 2022, were timely made.

28.    Plaintiff and the Class are entitled to a declaration as to the intended transfer of the servicing of their loans and by whom their loans are to be serviced by.

29.    Plaintiff and the Class are entitled to an accounting of all funds they have paid to either RoundPoint or Fifth and where such funds properly belong.

30.    Plaintiff and the Class are entitled to immediate injunctive relief allowing them to make their loan payments to the registry of this Court or a proper third party supervised by this Court, and until this Court can properly determine the rights of the parties with respect to the planned transfer of these mortgage loans.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.    Plaintiff and the Class re-allege and incorporate the paragraphs above.

32.    Since July 1, 2022, RoundPoint has intentionally inflicted emotional distress or knew or should have known that emotion distress was the likely result upon Plaintiff and the Class.

33.    By its multiple letters and numerous dunning phone calls to Plaintiff and the Class members, RoundPoint inflicted emotional distress upon Plaintiff and the Class members.

34.    Such conduct by RoundPoint as extreme and outrageous beyond the bounds of decency and is utterly intolerable in a civilized community.

35.    At present, Plaintiff and the Class have suffered and continue to suffer emotional distress in being wrongfully dunned for mortgage loan payments they made to Fifth at RoundPoint's direction, and even though RoundPoint promised all such payments would be returned to RoundPoint in 60 days.

36.    As such, and due only to RoundPoint's own conduct and infliction of emotional distress, Plaintiff and the Class members don't completely know who they should make their loan payments to and whether such loan payments will be properly credited so their homes and properties are not foreclosed for failure to make timely payments as RoundPoint's dunning communications convey.

37.    As such, Plaintiff and the Class have and continue to suffer emotional distress damages proximately caused by RoundPoint.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues so triable.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs pray for Judgment in their favor and recovering compensatory damages, other damages, and punitive damages for actions taken with

malice, jointly and severally, for declaratory judgment and injunctive relief, and for their

attorneys' fees and costs, and all other just and appropriate relief.

DATE:  August 11, 2022                    Respectfully,

                                          **POYNTER LAW GROUP**

                                          _____
                                          Scott Poynter


                                          Scott Poynter, AR Bar No. 90077
                                          scott@poynterlawgroup.com
                                          Daniel Holland, AR Bar No. 2019237
                                          daniel@poynterlawgroup.com
                                          407 President Clinton Ave., Suite 201
                                          Little Rock, AR 72201
                                          (501) 812-3943